Filed in open Court this 4th day of June 2008.

nms

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-71-04 JJF |
| ) | |
| CHRISTOPHER BAXTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Christopher Baxter, by and through his attorney, Thomas Dreyer, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I of the Indictment charges the defendant with knowingly conspiring to possess with intent to distribute more than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a controlled substance, and more than five (5) grams of a mixture and substance containing a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and 846.

2. The defendant understands that as a consequence of his guilty plea the maximum penalties for Count I are 40 years imprisonment, a $2,000,000 fine, four years of supervised release, and a $100 special assessment. The defendant also understands that there is a mandatory minimum penalty of five years imprisonment.

3. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is: (1) two or more persons conspired, or agreed, to commit the crime of possessing with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine and five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base; and (2) that the defendant knowingly and voluntarily joined the conspiracy.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18 United States Code, Section 3553(a) in determining an appropriate sentence. The parties agree that for the purpose of calculating the defendant's sentencing guideline range, the amount of cocaine is 2,115 grams and the amount of cocaine base is 35.7 grams.

5. Provided that the United States does not learn of conduct inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1.

6. The defendant understands that he should expect that the government will recommend that the District Court impose a sentence within the sentencing guideline range and no less than the statutory minimum penalties.

7. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

9. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

10. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

11. The defendant agrees to forfeit all interests in any drug-related and money laundering-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense.

12. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

13. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

14. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be

modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Thomas Dreyer, Esquire
Attorney for Defendant

_____
Colm F. Connolly
United States Attorney

_____
Christopher Baxter
Defendant

Dated: 6/4/08


      **AND NOW**, this 4 day of June, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE